CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
7/10/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 5:13-cr-19 |
| ) | |
| ) | By: Michael F. Urbanski |
| ANDREW JAMES THOMAS, ) | |
| Defendant ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Andrew James Thomas' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 457, and his supplemental motion, ECF No. 464. The government opposes Thomas' motion, ECF No. 466, and Thomas has replied. ECF No. 467. The court will **DENY** Thomas' motion because he has not demonstrated that extraordinary and compelling reasons exist to warrant his release.

I.

On December 19, 2013, Thomas pleaded guilty to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 842(b)(1)(B). On June 11, 2014, Thomas was sentenced to 120 months of incarceration, followed by eight years' supervised release. Thomas is scheduled to be released on September 6, 2021 and is housed at Forrest City Low FCI.

On May 11, 2020, Thomas filed a pro se motion seeking compassionate release due to the COVID-19 pandemic. On June 1, 2020, the Federal Public Defender filed a supplemental motion for compassionate relief, asking for a reduction in his sentence such that he is allowed to serve the remainder of his sentence on home confinement. In his motion, Thomas asks the

1

court to reduce his sentence for two reasons: (i) Thomas is at a heightened risk for serious illness from COVID-19 because of his hypertension, his gender, and his race; and (ii) Thomas is not a danger to the community.

## II.

In general, a "court may not modify the term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, creates an exception to this rule and authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Thomas' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and, (3) if so, if the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction.

i.     The government has waived the exhaustion requirement.

The provision allowing defendants, in addition to the Bureau of Prisons (BOP), to bring motions under § 3582(c) was added by the First Step Act in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). While the statute allows a defendant to bring the motion before the district court, a petitioner must first exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" Id. The first condition requires that the defendant fully exhaust all administrative rights – this means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Thomas argues that he exhausted his administrative remedies because he made a written request to the warden on April 19, 2020 for compassionate release and received a denial from the warden on April 30, 2020. See ECF No. 464-3. Thomas asserts that because he received the denial letter from the warden, he "has met the exhaustion requirement." ECF No. 464, at 3. The court disagrees. Because Thomas has not exhausted the administrative appeals available to him through the BOP, he has not satisfied the exhaustion requirement of § 3582(c)(1)(A). However, the government has waived such a requirement.

This court has previously found that the exhaustion requirement does not operate as a jurisdictional bar under § 3582(c)(1)(A). See United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1, n.1 (W.D. Va. May 19, 2020); see also United States v. Russo, ___ F.Supp.3d ___, 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Because the exhaustion requirement is not jurisdictional, it operates as a claims-processing rule and can be waived. See e.g., Crawford, 2020 WL 2537507, at *1 (finding that the exhaustion requirement has been waived where the government failed to raise exhaustion as a ground for denying the motion); Russo, 2020 WL 1862294, at *5 ("one key consequence of [§ 3582(c)(1)(A)] not being jurisdictional is that the Government can waive the affirmative defense of exhaustion."); see also United States v. Alam, ___ F.3d ___, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the exhaustion requirement is a mandatory claims-processing rule that has two exceptions: waiver and forfeiture) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)). In its brief in opposition, the government states that it "does not contest that Mr. Thomas has exhausted administrative remedies." ECF No. 466, at 4. Accordingly, the court finds that the government has waived the exhaustion requirement.

   ii.   <u>Thomas does not present extraordinary and compelling reasons to warrant a sentence reduction.</u>

Because the government has waived the exhaustion requirement, the court must then consider if it should "reduce the term of imprisonment." See 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("USSG") advises that a court should consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable: (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3)

whether such a reduction is consistent with the policy statement. USSG § 1B1.13. The USSG § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" other than, or in combination with, the reasons described in Application Notes (A)-(C). Id., at cmt. n. 1(A)-(D).

This court has previously "join[ed] the many other district courts that have concluded that 'a court may find, independent of any motion, determination or recommendation by the BOP Director, that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C).'" United States v. Lee, No. 1:95-cr-58, 2020 WL 3422772, at *3 (E.D. Va. June 22, 2020) (quoting United States v. Redd, No. 1:97-cr-6, 2020 WL 1248493, at *8 (E.D. Va. Mar. 16, 2020) (collecting cases)); see also United States v. Jackson, No. 5:02-cr-30020, 2020 WL 2735724, at *3 (W.D. Va. May 26, 2020). While the court is not constrained by the policy statement, the court finds that it still provides guidance and the petitioner must demonstrate that extraordinary and compelling reasons warrant his release.

Here, Thomas fails to make such a showing. Thomas argues that he suffers from hypertension, and that combined with his age and race, he is more susceptible to contracting COVID-19. The Centers for Disease Control has issued guidance on specific risk factors that

place individuals at a higher risk of severe outcomes from COVID-19, including serious heart conditions, such as pulmonary hypertension.[1] See Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020) ("When assessing compassionate release motions during the pandemic, the Court examines the [CDC's] list of risk factors for severe COVID-19 complications."). Therefore, the court must determine if Thomas' hypertension rises to the level of extraordinary and compelling reasons to warrant his release. [2]

During the pandemic, courts in this district and across the country have released individuals suffering from hypertension, but only when these individuals also suffered from other underlying medical conditions. See e.g., United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *1 (W.D. Va. Apr. 28, 2020) (granting compassionate release where inmate suffered from heart disease, asthma, hypertension, and sleep apnea); United States v. Galloway, No. 1:10-cr-077, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (granting compassionate release where inmate suffered from Type II diabetes, hepatitis B, anxiety, hypertension, a thyroid disorder, a seizure disorder, and gastritis); United States v. Ennis, No. 02-cr-1430, 2020 WL 2513109, at *3, 6 (W.D. Tex. May 14, 2020) (granting compassionate release where inmate suffered from degenerative spine disease, diabetes, mellitus, hypertension, arthritis, asthma, hypothyroidism, and hyperlipidemia, in addition to being 71 years old); United States v. Diep Thi Vo, No. 15-cr-310, 2020 WL 2300101, at *3 (N.D. Cal. May 7, 2020) (granting

---

[1] Available at: https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html (last visited July 9, 2020).

[2] Thomas also argues that he is more susceptible to contracting a serious case of COVID-19 due to his race and gender. See ECF No. 464, at 6. While Thomas points to evidence that "current data suggest a disproportionate burden of illness and death among racial and ethnic minority groups," the CDC has not listed race or gender as increasing the risk of a severe COVID-19 infection.

compassionate release where inmate suffered from hyperlipidemia, hypertension, vision issues, and osteoarthritis, in addition to being 74 years old).

Thomas has identified one case, from the Eastern District of New York, where the court granted compassionate release based on the petitioner's increased vulnerability solely due to his hypertension. United States v. Sawicz, ____ F.Supp.3d ___, 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020). That court found that "[w]hile the defendant's hypertension does not place him squarely within any of the Policy Statement's definitions of 'extraordinary and compelling reasons,' . . . the defendant asserts that the COVID-19 pandemic, combined with his particular vulnerability to complications from COVID-19 because of his hypertension, constitutes an 'extraordinary and compelling reason' for his release." Id. However, in Sawicz, the government did not challenge the validity of the claim, stating "it does not dispute this assertion." Id. Here, the government argues that Thomas' hypertension does not constitute an extraordinary and compelling reason to warrant his release. The court agrees.

First, Thomas' medical records establish that Thomas has "hypertension, benign essential." See ECF No. 464-2. There is a difference between "essential hypertension" and "pulmonary hypertension." While the CDC lists "pulmonary hypertension" as increasing the risk for severe COVID-19 infection, it does not list "essential hypertension."[3] See United States v. Brown, No. 3:13-cr-14, 2020 WL 3511584, at *6 (E.D. Tenn. June 29, 2020) ("the CDC only identifies pulmonary hypertension, not essential hypertension, from which defendant suffers [ ], as increasing the risk for severe COVID-19 infection."). Hypertension,

---

[3] Available at: https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html (last visited July 9, 2020). The CDC does say that "hypertension . . . may increase your risk of severe illness from COVID-19." Id.

7

or high blood pressure, a condition that the CDC estimates impacts 43.8% of the United States adult population, alone does not constitute an "extraordinary and compelling reason."[4] See United States v. Colbert, No. 99-cr-80399, 2020 WL 3529533, at *2 (E.D. Mich. June 30, 2020) (denying compassionate release where defendant had hypertension, high cholesterol, and prostate cancer in the past).[5]

Second, the existence of COVID-19 does not change the court's analysis. While Forrest City Low may have had 454 inmates test positive for COVID-19 by June 1, 2020 when Thomas filed his motion, today the BOP indicates that only 28 inmates and 1 staff member currently have COVID-19.[6] That dramatic decrease in positive tests in a one-month timeframe demonstrates that the methods that Forrest City Low and the BOP are undertaking are working, including "quarantines, limited contractor and volunteer access, a prohibition on social and legal visits, maximized social distancing within the facilities, and additional cleaning and sanitizing of the prisons." See ECF No. 466, at 2. "[G]eneral concerns about COVID-19, without more, are insufficient to invoke § 3582(c)(1)(A)." See United States v. Paris, No. 3:17-cr-262, 2020 WL 34406650, at *3 (N.D. Tex. June 22, 2020) (citing United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Because Thomas has not shown that he suffers from a serious medical condition that increases his risk of severe illness from COVID-19, the court finds that

---

[4] Available at: https://www.cdc.gov/dhdsp/maps/dtm/index.html (last visited July 9, 2020).
[5] In Thomas' reply brief, he argues that another court granted compassionate release, despite the defendant suffering from hypertension and not pulmonary hypertension. See United States v. Foreman, No. 3:19-cr-62, 2020 WL 2315908, at *3 (D. Conn. May 11, 2020). First, while the Foreman decision may be persuasive authority, it is not binding on this court. Second, the case can be distinguished from Thomas' case because that court granted release based on Foreman suffering from hypertension, in combination with being 58 and obese. While Thomas argues that he is obese, he acknowledges it is not "severe," and he is only 39 years old. ECF No. 464, at 1, 5, n. 3.
[6] Available at: https://www.bop.gov/coronavirus/ (last visited July 9, 2020).

8

Thomas has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A).[7]

### III.

For the reasons stated herein, the court **DENIES** Thomas' motions for compassionate release, ECF No. 457, 464. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: July 9, 2020

Michael F. Urbanski
Chief United States District Judge

---

[7] Because the court finds that Thomas has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release. While the court is sympathetic to Thomas' medical conditions and the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." See Raia, 954 F.3d at 597.