IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 5:13-CR-00019 |
| v. | ) |
| | ) |
| **ANDREW JAMES THOMAS,** | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court on defendant Andrew James Thomas' motion for early termination of supervised release, ECF No. 512. For the reasons stated below, the court **DENIES** Thomas' motion.

On August 1, 2013, Thomas was indicted on four counts related to drug trafficking. Indictment, ECF No. 30. On November 5, 2013, pursuant to a written plea agreement, Thomas pled guilty to a lesser included offense on Count 1, i.e., conspiring to distribute and possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Plea Agreement, ECF No. 153 at 1. On June 12, 2014, Thomas was sentenced to a term of 120 months' incarceration to be followed by an 8-year term of supervised release. J., ECF No. 288.

Thomas was released from incarceration to begin his term of supervised release in September 2021. He has served approximately 19 months of his 8-year term. Represented by counsel, Thomas filed a motion for early termination of supervised release on February 3, 2023. ECF No. 512.

1

The court sought input from the United States Probation Officer who supervises Thomas. The officer advised that Thomas has done well with no major issues, maintaining a stable residence and full-time employment. Nevertheless, because Thomas has served only 19 months of his 8-year term of supervision, the officer believes that releasing Thomas from supervision at this point is premature. The government acknowledges that Thomas has done well on supervised release but opposes early termination based on the nature of his offense and his history and characteristics. Resp., ECF No. 514.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, Thomas was convicted of participating in a multi-defendant conspiracy and was described as a "mid-level distributor with a limited number of customers." Presentence Investigation Report (PSR), ECF No. 290 ¶¶ 20–23. The PSR also noted that during the pre-sentence interview, Thomas minimized his role in the offense indicating that he knew only one participant and distributed a maximum of three grams of cocaine base. Id. ¶ 26. Evidence indicated that he knew several members of the conspiracy and he was held accountable for

3

distributing 112 grams of cocaine. Id. ¶ 23. While Thomas may not have been entirely forthcoming with law enforcement, there is no indication that he was a leader of the conspiracy, or that he committed any violent acts as part of the conspiracy. On balance, the court finds that the nature and circumstances of the offense weigh neither in favor nor against early termination of supervised release.

Regarding Thomas' history and characteristics, he had one prior conviction for possession of cocaine in state court for which he was placed on first offender status, and one conviction for possession with intent to distribute cocaine, for which he was sentenced to one year of incarceration. Id. ¶¶ 38–39. He had additional arrests on drug offenses, but the charges were either dismissed or nolle prossed. Id. ¶¶ 45–48. A summary of Thomas' disciplinary history while incarcerated indicates that in 2018 he had one charge of possessing a hazardous tool and in 2019 he had one charge of refusing to obey an order and another charge for possessing an unauthorized item. Summary Reentry Plan, ECF No. 512-2 at 2. He took several classes while incarcerated and completed the residential drug treatment program offered by the BOP. Id. at 1–2. He paid his court-ordered financial obligations while incarcerated. Id. at 3. The court also notes that prior to incarceration, Thomas served in the Navy as a diesel mechanic for six years and was honorably discharged. Since being released to supervision, Thomas has resided with his wife of 12 years and has worked full-time at Heinz Kraft as a filler operator. Letter, ECF No. 512-3; PSR, ECF No. 290 ¶ 60. Taken as a whole, Thomas' history and characteristics weigh in favor of early termination of supervised release.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, the court finds that having Thomas remain on supervised release will

provide benefits to both Thomas and the public. Thomas is 42 years old and statistically, his risk of recidivism has not dropped significantly. See United States v. Howard, 773 F.3d 519, 533 (4th Cir. 2014) (citing one study showing that three years after release from prison, 60.3 percent of inmates 40 or older had been arrested for a new offense and citing a second study showing that three years after release, 80 percent of prisoners between the ages of 18 and 45 were rearrested, compared to 45.3 percent of those age 45 or older). Thus, while Thomas has been successful on supervised release, part of his success is no doubt attributable to the structure and guidance he has received from his probation officer. Having Thomas continue on supervision for an additional period assures that he will be held accountable for his conduct and increases the chances that he will enjoy long-term success when his supervision ends.

The court next looks to the established sentencing range for the category of Thomas' offense. Under 21 U.S.C. § 841(b)(1)(B), because of a prior conviction for a felony drug offense, Thomas faced a statutory sentence of 10 years to life and a minimum 8-year term of supervision. 21 U.S.C. § 841 (West 2010). Thomas points out that if sentenced today, following a change to § 841(b)(1)(B), he no longer would face the 10-year mandatory minimum but would be subject to a sentencing range of 5 to 40 years. This is because for the longer sentence to apply he now would have to be convicted of a "serious drug felony" rather than a "felony drug offense." The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct related to narcotic drugs . . . ." 21 U.S.C. § 802(44). The term "serious drug felony" is defined as an offense described in 18 U.S.C. 924(e)(2) for which the offender served a term of imprisonment of more than 12

months. 21 U.S.C. § 802(57). Thus, today, for a sentence to be increased under § 841(b)(1)(B), a person must have a prior conviction for a "serious drug felony" rather than a "felony drug offense," meaning he must have served more than 12 months on the offense. According to the PSR, Thomas previously was sentenced to one year of incarceration, indicating that he could not have served more than 12 months for the offense. PSR, ECF No. 290 ¶ 39.

Thomas argues that it is appropriate for the court to consider that he served a sentence longer than he likely would be assessed if he were sentenced today and the court has done so. Nevertheless, the fact that Thomas might receive a shorter prison term if he were sentenced today does not outweigh the express purpose of supervised release, which is designed to "assist individuals in their transition to community life." United States v. Johnson, 529 U.S. 53, 59 (2000). "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." Id. Moreover, even in the absence of the prior conviction, Thomas would face a minimum 4-year term of supervised release, 21 U.S.C. § 841(b)(1)(B), and he has not yet served even two years. Accordingly, consideration of the established sentencing range for the category of Thomas' offense does not persuade the court to reduce Thomas' term of supervision. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Thomas' supervised release, the court **DENIES without prejudice** Thomas' motion for early termination. To be sure, Thomas' accomplishments to date on supervision are positive. Nevertheless, the court finds that continuing Thomas' period of supervised

release provides him with an additional period of accountability, protects the community, and increases his chances for long-term success.

    An appropriate order will be entered.

    It is so **ORDERED**.

ENTERED: April 14, 2023

_____
Michael F. Urbanski
Chief United States District Judge

*Michael F. Urbanski*
*Chief U.S. District Judge*
*2023.04.14 11:48:15 -04'00'*